## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ETHELYN L. WHITE and<br>HARVEY W. WHITE, SR.,<br><br>     Plaintiffs,<br><br>v.<br><br>ALFA INSURANCE COMPANY,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE NO.:** 5:11-CV-173<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Ethelyn L. White and Harvey W. White, Sr., who by and through counsel file this Complaint for damages showing the Court as follows:

## PRELIMINARY STATEMENT

The Plaintiffs in this action previously filed an action in the State Court of Bibb County styled *Ethelyn L. White and Harvey W. White, Sr. v. Alfa Insurance Company*, Civil Action No. 75796. Said action in the State Court has been voluntarily dismissed pursuant to O.C.G.A. § 9-11-41(a). All costs of the prior action were paid as required by law. This is a renewal action filed by the Plaintiffs pursuant to O.C.G.A. § 9-2-61.

Q:\Hongeling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

## PARTIES

1.

Plaintiffs Ethelyn L. White and Harvey W. White, Sr. are individuals and residents of the state of Georgia.

2.

Defendant Alfa Insurance Company is an Alabama corporation authorized to do business in Alabama and Georgia.  Its principal place of business is located in Montgomery, Alabama.

3.

Service may be perfected on Defendant by serving Defendant's Registered Agent, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over this case because there is complete diversity among the parties and the matter in controversy exceeds $75,000.  This Court has personal jurisdiction over the Defendant.

Q:\Hungeling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

5.

Venue is proper in this Court because a substantial part of the events and

omissions giving rise to this claim occurred in this judicial district as set forth in

more detail below.

## FACTUAL BACKGROUND

6.

The Whites own a home located at 3670 Pine Forest Road, Macon, Bibb

County, Georgia ("the Home"). Before the incidents giving rise to this action, the

Plaintiffs' Home was their primary residence.

7.

Plaintiffs purchased a home owners' insurance policy with Alfa Insurance,

Policy Number H0800421, which insured their Home ("the Policy").

8.

On Mother's Day, May 11, 2008, a tornado severely damaged Plaintiffs'

Home, including the roof and other personal property.

9.

Plaintiffs timely notified Defendant of their loss.

Q:\Hungerling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

10.

Plaintiffs have multiple medical problems.  Because of the damage to their Home, Plaintiffs' doctors ordered that they stay in a properly insulated living environment until the Home was repaired.

11.

Plaintiffs' told Alfa they needed to stay in a hotel until their Home was repaired.  Because of Defendant's bad-faith delays and refusal to fairly settle Plaintiffs' insurance claim, they have been unable to live in their Home for more than three years.

12.

On July 11, 2008, the Whites timely submitted a claim in the amount of $55,404.00 plus hotel costs.  Their claim included several estimates from various contractors who were qualified to fix the roof and other damage to the White's home.  The claim included the cost for the home repairs, storage shed repairs, loss of personal property, and loss of use of their dwelling.

13.

On July 28, 2008, Alfa sent the Whites a low-ball offer of $9,289.59 (minus a $500 deductible) to settle their claim.  This amount was not sufficient to pay for the repairs needed to fix the White's Home.

- 4 -

14.

Alfa provided a second estimate for kitchen repairs, totaling $1,519.38 minus a second deductible of $500.00.  The building estimate provided by Alfa in July 2008 totaled $10,518.50.

15.

On February 2, 2009, Alfa provided yet another estimate.  This estimate totaled $12,478.08, but did not include the kitchen repairs that had previously been approved.  None of these estimate included moving costs, storage costs, damage to personal property, or costs for the White's medically-necessary alternative living arrangements.

16.

The Whites had no understanding of how to get their roof repaired, how to obtain the insurance money for their damages, or who to turn to for help.

17.

On June 17, 2009, Alfa offered an additional payment for $1,265.00 for roof repair.  One year after the date of the loss, the Whites had received only two checks from Alfa totaling $6,965.00.  Both checks were made payable to the wrong entity and would not cover all of the repairs needed to fix the White's home.

Q:\Hungeling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

- 6 -

Alfa also claimed that a second deductible of $500 was due for the additional payment for roof damage.

18.

By this point, the Whites had been displaced since the date the tornado destroyed their roof. The Whites' House had been covered by a tarp for over a year. Water and moisture had entered the home and their personal property had been damaged or destroyed.

19.

The Whites also learned that their insulation, which had been damaged due to the tornado, may contain asbestos and needed to be tested and completely removed and replaced. Environmental testing needed to be performed. Yet, Alfa denied all of these requests and refused to cover the cost of testing and repairs.

20.

Outrageously, as late as October 2009, Alfa pushed to simply repair the roof for $6,965 minus the Whites' deductible. That amount would not cover the cost of repairing the roof.

Q:\Hongeling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

21.

The Whites have been unable to live in their home for over 3 years due to

damages from the tornado and Alfa's mishandling of this claim.

22.

After years of delay and frustration and after receiving the unreasonable

offer from Alfa, Plaintiffs engaged counsel and sent a written demand ("Demand

Letter") for payment for home repairs, moving costs, storage shed repairs, personal

property and loss of use of utilities and additional housing pursuant to O.C.G.A. §

33-4-6 and §51-12-14.  A true and correct copy of the Demand Letter is attached

hereto at Exhibit A.

23.

In the Demand Letter, the Whites requested that Alfa send to them a

complete copy of the Policy.  Alfa not only refused to pay the White's claim, it

even refused to provide a copy of the Policy.

## COUNT I

## BREACH OF CONTRACT

### 24.

Plaintiff s re-allege and incorporate by reference all preceding paragraphs of this Complaint as if set forth fully herein.

### 25.

Defendant agreed to provide insurance to Plaintiffs, which insured the subject real and tangible person property against loss.  In consideration thereof, Plaintiffs timely paid all premiums due and Defendant issued the Whites an insurance policy.  Plaintiffs have a contractual right to the coverage provided under the Policy.  Plaintiffs met all contractual obligations as required under the Policy.

### 26.

Defendant intentionally and wrongfully refused to make payment in fully to Plaintiffs for all losses and damages arising from the tornado damaged insured property.

### 27.

Pursuant to applicable law, formal demand on Defendant for payment was made by First Class U.S. Mail to Defendant on December 7, 2010 pursuant to O.C.G.A. § 33-4-6.

Q:\Hungeling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

28.

As a result of said breach of contract, Plaintiffs have suffered damages.

Plaintiffs therefore, seek special, compensatory, and general damages arising from

said breach in the amount to be proven at trial, which amount is in excess of

$107,134.00.

## COUNT II

## BAD FAITH UNDER O.C.G.A. § 33-4-6

29.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs of

this Complaint as if set forth fully herein.

30.

Before filing the present action, Plaintiffs sent a demand to Defendant

pursuant to O.C.G.A. § 33-4-6.  *See* Exhibit A.  Defendant refused to pay

Plaintiffs' claim.  Defendant's failure to pay the claim is done in bad faith.  More

than 60 days has expired since Plaintiffs' sent Defendant their Letter Demand.

31.

Moreover, Defendant has dealt with Plaintiffs unfairly and in violation of its

duties and responsibilities as an insurance company under Georgia law.  Georgia

Q:\Hangeling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

law enumerates several acts that constitute "unfair claims settlement practices," including:

(2) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(3) Failing to adopt and implement procedures for the prompt investigation and settlement of claims arising under its policies;

(4) Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

(5) Compelling insureds or beneficiaries to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

*         *         *

(11) Failing to provide forms necessary to file claims within 15 calendar days of a request with reasonable explanations regarding their use; [. . . .] *See* O.C.G.A. § 33-6-34.

Alfa engaged in each of the unfair claims settlement practices enumerated above and has acted in bad faith.

32.

Defendant has dealt with Plaintiffs unfairly and in violation of Georgia law.

33.

As a direct and proximate result of Defendant's bad faith, and unfair and deceptive practices, Plaintiffs have been damaged in an amount to be proven at trial.

Q:\Jungeling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

34.

Plaintiffs are also entitled to additional damages under O.C.G.A. § 33-4-6, attorney fees under O.C.G.A. §§ 33-4-6 and 13-6-11, and prejudgment interest under O.C.G.A. §§ 33-4-6 and 51-12-14.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby **DEMAND** a trial by jury and respectfully requests the following relief:

(a) Process be issued and served according to law;

(b) That Plaintiffs be awarded damages of at least $107,134.00;

(c) An award of such general, special, and compensatory damages as are warranted and proven at trial arising from Defendant's breach of contract and bad faith refusal to pay Plaintiffs' legitimate insurance claim which amount is to be proven at trial and permitted by O.C.G.A. § 33-4-6;

(f) Plaintiffs be awarded all actual attorney's fees, costs of litigation and interest;

(g) That all costs of this action be case against Defendant;

(h) That Plaintiffs be awarded such additional damages, remedies, or relief as the Court may deem just and proper.

Respectfully submitted this 6th day May, 2011.

Q:\Hungeling\MS OFFICE DATA\WORD DATA\MATTERS\White, Harvey\Complaint.doc

LAW OFFICE OF DAVID J. HUNGELING, P.C.

David J. Hungeling
Georgia Bar No. 378417
Peachtree 25th, Suite 599
1718 Peachtree Street
Atlanta, Georgia 30309
Phone: 404-574-2466
Fax: 404-574-2467
david@hungelinglaw.com
*Attorney for Defendants*